```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
VERONICA MADDY,                                                        :
                                                                       :
                           Plaintiff,                                  :
                                                                       :        22 Civ. 5344 (JPC)
               -v-                                                     :
                                                                       :             ORDER
DOVER STREET MARKET NEW YORK, LLC,                                     :
                                                                       :
                           Defendant.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 24, 2022, Plaintiff sued Defendant for violation of the Americans with Disabilities Act. Dkt. 1. Defendant waived service and agreed to answer the Complaint by September 19, 2021. The Court subsequently extended this deadline four times. Dkts. 8, 10, 12, 14. On December 16, 2022, Defendant answered the Complaint, Dkt. 15, and the Court subsequently scheduled an initial pretrial conference ("IPTC") for January 24, 2023, Dkt. 16. On January 11, 2023, however, the parties "advise[d] the Court that the matter has settled," and further "request[ed] an adjournment of all scheduled dates for thirty (30) days to allow the parties to memorialize their settlement in an agreement." Dkt. 17. The Court granted that request, adjourning the IPTC, and directed Plaintiff to file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41 or a status letter as to settlement by February 15, 2023. Dkt. 18. After Plaintiff missed the February 15, 2023 deadline, the Court extended the deadline to file a stipulation of dismissal or a status letter until February 23, 2023. Dkt. 19. In doing so, the Court noted that "[c]ontinued failure to comply with the Court's orders may result in an order dismissing the case for failure to prosecute." *Id.* But Plaintiff once again failed to comply.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a

court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  First, Plaintiff has ignored two of this Court's orders.  *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal").  Second, the Court warned Plaintiff that failure to comply would result in the case being dismissed without prejudice.  *See* Dkt. 19.  Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so."  *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021).  Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that

dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted).  And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff an additional chance to comply with the Court's orders as a less drastic sanction than dismissal.  However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 24, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge